IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC PAUL COLEMAN | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-455 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Eric Paul Coleman, a federal prisoner confined at the United States Penitentiary in Pollock, Louisiana, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Movant is in custody pursuant to a judgment entered in the United States District Court for the Eastern District of Texas. On July 12, 2018, Movant was charged in a third superseding indictment with: aiding and abetting a conspiracy to possess with intent to distribute 280 grams or more of cocaine base (Count 1); aiding and abetting a conspiracy to possess with intent to distribute at least 5 kilograms of cocaine HCL (Count 2); aiding and abetting a conspiracy to launder monetary instruments (Count 3); aiding and abetting the possession of 72.1 grams of a mixture or substance containing cocaine base within 1000 feet of an elementary school (Count 4); aiding and abetting the possession of 127 grams of a mixture or substance containing cocaine HCL (Count 5); aiding and abetting the possession of a firearm in furtherance of a drug trafficking offense (Count 6); aiding and

abetting a conspiracy to possess a firearm in furtherance of a drug trafficking offense (Count 7); aiding and abetting the use of fire to commit a federal felony (Count 8); and conspiring to use fire to commit a federal felony (Count 9). On July 13, 2018, the government filed a notice and information of Defendant's prior convictions for purpose of increased punishment. Citing five prior convictions, the document alleged that Defendant had at least two prior convictions for offenses punishable under the Controlled Substance Act, which would increase his potential sentence to a mandatory term of life imprisonment.

    Movant entered into a plea agreement with the government, in which he agreed to plead guilty to Counts 1, 3, 6, and 8 of the third superseding indictment in exchange for a sentence of 300 months of imprisonment and the dismissal of the remaining Counts. Movant also signed a detailed, 9-page Factual Basis and Stipulation agreeing to facts supporting his guilty plea. Movant acknowledged that he had read the document and the third superseding indictment, discussed both documents with his attorney, and understood the contents of the Factual Basis and Stipulation. Movant agreed that the document accurately described the events and Movant's actions, and that the government could prove each of the acts. At a change of plea hearing on August 14, 2018, the magistrate judge advised Movant of his rights, summarized the written plea agreement, and explained the rights that Movant was waiving by pleading guilty. The magistrate judge found that Movant was competent to enter a guilty plea, that he was voluntarily pleading guilty, and that the factual bases supported each element of the offenses. Following the hearing, the magistrate judge recommended that the district court accept Movant's guilty plea.

    On September 24, 2018, Movant filed a *pro se* notice of interlocutory appeal alleging that his attorney provided ineffective assistance by failing to challenge wiretaps and to file motions as

2

requested by Movant. The United States Court of Appeals for the Fifth Circuit dismissed the appeal for lack of jurisdiction.

On September 27, 2018, the district court accepted Movant's guilty plea. After initial disclosure of the presentence investigation report, Movant filed a *pro se* letter regarding counsel and the presentence report, in which he states that he had not yet spoken to his attorney about filing objections to the presentence report. On January 2, 2019, Movant filed a "*Pro Se* Motion for Relief of Ineffective Counsel and Motion to Appoint Counsel." Movant claimed that his attorney refused to file motions prepared by Movant, failed to show Movant videotapes, and told Movant that he would be sentenced to life imprisonment if he proceeded to trial. On January 7, 2019, the *pro se* motion was denied. In the order denying the motion, the magistrate judge noted that Movant had expressly affirmed in the written plea agreement and under oath at his change of plea hearing that he was satisfied with defense counsel's legal representation. The magistrate judge found that there was no reason to doubt those statements. As to Movant's claim about trial counsel's failure to file objections to the presentence report, the magistrate judge noted that the sentence recommendation in the presentence report was identical to the stipulated sentence in the plea agreement, and that Movant had not alleged there were any meritorious objections that defense counsel could have raised.

On January 31, 2019, Movant was sentenced to a total of 300 months of imprisonment, in accordance with the plea agreement. Movant appealed the judgment. On November 6, 2019, the appeal was dismissed as frivolous.

The Motion

Movant contends his guilty plea was involuntary due to the ineffective assistance of counsel. Specifically, Movant contends his defense counsel: (1) failed to prepare for trial, (2) failed to file a motion to suppress wiretap evidence, (3) failed to file a motion regarding Brady material, (4) failed to show Movant the evidence the government would produce at trial, and (5) pressured Movant to plead guilty by advising Movant that he would be sentenced to life imprisonment if he went to trial. Movant also contends that defense counsel provided ineffective assistance by failing to move to withdraw Movant's guilty plea before it was accepted by the district court.

Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights, and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367,

4

368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However, claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## Analysis

### I. Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant

must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; Movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In the context of a guilty plea, Movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Movant contends that defense counsel's pretrial investigation was inadequate because he failed to investigate the charged crimes, failed to investigate filing a motion to suppress wire tap evidence, failed to review the evidence with Movant, and failed to request evidence the government was required to disclose pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Movant also claims defense counsel should have hired an investigator.

An attorney is required to conduct a reasonable amount of pre-trial investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). However, the defense of a criminal case does not "contemplate the employment of wholly unlimited time and resources." *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992). An attorney is not necessarily ineffective for failing to investigate every conceivable, potentially non-frivolous matter. *Id.* Further, "brevity of consultation time" with a client does not, by itself, rise to the level of ineffective assistance of counsel. *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d

6

1029, 1043 (5th Cir. 1998); *see also Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008) (holding that conclusory assertions of prejudice are insufficient to satisfy the prejudice prong of the *Strickland* test).

In this instance, Movant has failed to show that counsel performed deficiently or that he was prejudiced by counsel's performance because Movant has not shown that additional investigation, preparation, or consultation with Movant would have located evidence or witnesses that could be used to impeach the government's witnesses or to support Movant's defense. Movant also claims that defense counsel should have filed motions to suppress wire tap evidence and requesting *Brady* material. The failure to file motions does not *per se* constitute deficient performance because counsel is not required to file futile motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1983). Movant has not pointed to any evidence demonstrating that the government failed to disclose *Brady* evidence or that there were meritorious grounds to suppress the wiretap evidence. Movant's claims are conclusory and are insufficient to demonstrate that defense counsel provided ineffective assistance.

Movant also contends that defense counsel provided ineffective assistance by failing to move to withdraw Movant's guilty plea before it was accepted by the district court. Movant contends that counsel should have known that Movant wanted to withdraw his guilty plea because Movant filed an interlocutory notice of appeal three days before the district court accepted the guilty plea. Movant's *pro se* notice of appeal only concerned his dissatisfaction with counsel and did not express dissatisfaction with his plea agreement. The document would not have put counsel on notice that Movant wanted to withdraw his guilty plea. Therefore, defense counsel did not perform deficiently by failing to move to withdraw Movant's guilty plea before it was accepted by the district court.

7

*II. Voluntariness of the Plea*

Movant contends his guilty plea was not knowing or voluntary due to counsel's allegedly ineffective assistance and because defense counsel told Movant that he would be sentenced to life imprisonment if he proceeded to trial and was found guilty. A guilty plea must be made knowingly, voluntarily, and intelligently to be constitutionally valid. *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019). When determining whether a plea is voluntary, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

At the change of plea hearing held on August 14, 2018, the magistrate judge asked Movant if he had discussed with his attorney the facts of the case, the charges against him, and any possible defenses Movant might have. Movant answered affirmatively. When asked if he was satisfied with counsel's representation and advice, Movant indicated that he was satisfied. The magistrate judge reviewed the counts in the indictment to which Movant had agreed to plead guilty, and Movant stated that he understood the charges. The magistrate judge explained to Movant the essential elements of each offense and the applicable statutory penalty range. It was also explained to Movant that his potential sentence for Count 1 was a mandatory life sentence because the government had filed a notice of enhancement alleging two prior felony convictions. Movant indicated that he

8

understood the charges, the potential sentence, and the rights he was giving up by pleading guilty. Movant testified that his guilty plea was voluntary and he was competent to enter a guilty plea. The court reviewed the terms of the plea agreement with Movant, and Movant stated under oath that he understood and that he agreed with the facts set forth in the factual basis.

The written plea agreement, the factual basis, and the transcript of the plea hearing clearly demonstrate that Movant's guilty plea was knowing and voluntary. Movant now contends that he felt pressured to plead guilty because defense counsel told him that he could be sentenced to life imprisonment if he was found guilty following a trial, but the record demonstrates that defense counsel's legal advice regarding Movant's sentence exposure was correct. As previously discussed, Movant's other claims regarding ineffective assistance of counsel lack merit. Therefore, the claim that his guilty plea was involuntary or unknowing due to the ineffectiveness of defense counsel lacks merit.

## Recommendation

This motion to vacate, set aside or correct sentence should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal

9

conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 19th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge